Dawn L. FLOROM, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Commissioner Social Security Administration, Defendant—Appellee.

No. 02–35598.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2003.

Decided July 22, 2003.

**946**

Before: REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM **

Dawn Florom appeals the district court's grant of summary judgment affirming the Commissioner of the Social Security Administration's ("Commissioner") denial of disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The Administrative Law Judge ("ALJ") found that the medical evidence established that Florom had a severe impairment, but that Florom retained a residual functional capacity ("RFC") for light work, and was therefore capable of returning to her former work as a cashier at K–Mart. In so concluding, the ALJ improperly treated Florom's earlier work as "substantial gainful activity" and inadequately analyzed whether her RFC permitted her to perform the job duties of a cashier. We have jurisdiction under 28 U.S.C § 1291, and we reverse and remand for further proceedings.

**I.**

■ In concluding that Florom retained the physical and mental RFC to perform light work and could therefore return to her past work as a K–Mart cashier, the ALJ determined that Florom's prior work was relevant because it constituted substantial gainful activity. Because this determination is not supported by substantial

evidence, we conclude that it was legal error.

A job is considered past relevant work only if it involved "substantial gainful activity." 20 C.F.R. § 404.1565(a); *Lewis v. Apfel,* 236 F.3d 503, 515 (9th Cir.2001). Florom worked as a K–Mart cashier from November, 1994 to September, 1997. Her monthly income averaged $310.485 in 1994; $382.12 in 1995; $328.24 in 1996, and; $295.25 in 1997. None of these monthly earnings reached the level of presumptive substantial gainful activity. *See* 20 C.F.R. § 404.1574(b).

Because Florom earned between $300 and $500 in 1994, 1995, and 1996, the ALJ was required to "generally consider other information in addition to [the claimant's] earnings," including whether the claimant's work is comparable to that of unimpaired people in the community and the value of the work according to local pay scales. 20 C.F.R. § 404.1574(b)(6); *Lewis,* 236 F.3d at 515. However, the ALJ failed to consider any information besides Florom's earnings for these years, despite the fact that in one year–1994–Florom earned only $10 more than the low-earnings presumption.

Furthermore, Florom's income for 1997 fell within the range required for a presumption *against* substantial gainful activity. However, the ALJ did not recognize the burden shift that occurs when there is a presumption against substantial gainful activity and consequently failed to require the Commissioner to show that Florom had performed substantial gainful activity in that year. *See Lewis,* 236 F.3d at 515.

Because the ALJ improperly treated Florom's past work as substantial gainful activity without explaining this determina-

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion, we reverse and remand so that the ALJ may make proper, specific findings on this issue.

## II.

We also note that even if Florom's past work were to constitute substantial gainful activity, the ALJ failed to adequately describe how Florom's RFC permitted her to perform the specific duties of her prior employment. In finding that Florom's past work did not exceed her current mental capacity, the ALJ failed to assess the specific duties of her former job–for example, whether it required speed, precision, motor skills, arithmetic skills, or an ability to work with the public. The lack of such an assessment makes it impossible to undertake "a comparison between the claimant's capabilities ... and the requirements of relevant occupations," SSR 86–8, and is at odds with the requirement that the ALJ provide a "precise description of the particular job duties" likely to cause problems for a claimant. *See* SSR 82–62.

We also note that, although the ALJ concluded that Florom was able to return to her past work as a cashier as generally performed in the national economy, the ALJ ignored the significant special accommodations that Florom's manager made to enable Florom to work as a K–Mart cashier. As such, the ALJ's determination that Florom could perform the duties of a cashier as generally performed in the national economy is not supported by substantial evidence. In sum, the ALJ's step four analysis was incomplete.

On remand, the ALJ must, as part of the step four sequential analysis, assess the specific duties of Florom's past employment as a cashier, undertake a comparison of the duties and her mental capacities, and account for the special accommodations in her past employment. If, at step four, the ALJ determines that Florom is unable to perform the duties of her past employment, the ALJ should proceed to step five and obtain the opinion of a vocational expert.

## III.

Because the ALJ improperly treated Florom's past work as substantial gainful activity, and because he summarily concluded that Florom was capable of performing her job without comparing the job duties to Florom's RFC, while ignoring special accommodations made for her in her past work, we remand to the district court with directions to remand to the Commissioner for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**